1
2
3
4
5
6
7
8
9

10                    UNITED STATES DISTRICT COURT

11                     EASTERN DISTRICT OF CALIFORNIA

12

RYAN TROY STURGES,                    )    1:05-CV-0017 LJO HC
13                                     )
                    Petitioner,        )    ORDER GRANTING RESPONDENT'S
14                                     )    MOTION TO DISMISS
          v.                           )    [Doc. #13]
15                                     )
                                       )    ORDER GRANTING PETITIONER LEAVE
16   MATTHEW C. KRAMER, et al.,        )    TO FILE MOTION TO WITHDRAW
                                       )    UNEXHAUSTED CLAIMS
17                  Respondents.       )
                                       )
18 ──────────────────────────────────

19        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20   pursuant to 28 U.S.C. § 2254. The parties having voluntarily consented to exercise of Magistrate

21   Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1), by order dated November 29, 2005, this case

22   was assigned to the undersigned for all purposes, including entry of final judgment.

23                              **BACKGROUND**[1]

24        Petitioner is currently in the custody of the California Department of Corrections pursuant to

25   a judgment of the Superior Court of California, County of Stanislaus, following his conviction by

26   jury trial on May 13, 2003, of second degree burglary in violation of Cal. Penal Code § 460(b). See

27 ─────────────────────

28        [1]This information is derived from the petition for writ of habeas corpus, Respondent's motion to dismiss the petition,
     and the lodged documents in support of Respondent's motion to dismiss.

1  Lodged Document No. 2. The trial court found the prior conviction allegations true and sentenced

2  Petitioner to serve a total determinate prison term of five years.  <u>Id</u>.

3        Petitioner thereafter appealed the conviction.  On August 5, 2004, the California Court of

4  Appeal, Fifth Appellate District (hereinafter "5th DCA") affirmed the conviction. <u>Id</u>.

5        On September 13, 2004, Petitioner filed a petition for review with the California Supreme

6  Court.  <u>See</u> Lodged Document No. 3.  Review was summarily denied by the California Supreme

7  Court on October 13, 2004.  <u>See</u> Lodged Document No. 4.

8        On December 14, 2004, Petitioner filed the instant petition for writ of habeas corpus in the

9  Sacramento Division of the United States District Court for the Eastern District of California. On

10  January 5, 2005, the petition was transferred to the Fresno Division and received in this Court. In his

11  petition, Petitioner raises the following five grounds for relief: (1) "Denial of effective assistance of

12  counsel by the failure of counsel to to [sic] object to the hearsay statement of one Brandon Womack,

13  depriving Petitioner of his Sixth Amendment right to confront and cross examine adversarial

14  witnesses"; (2) "As incorporated above, when Brandon Womack pled the Fifth, and yet his hearsay

15  statement was ruled admissible into the court against Petitioner, Petitioner was deprived of his Sixth

16  Amendment right to confront and cross examine"; (3) "Petitioner was deprived of the right to a sua

17  sponte instruction on a lesser included offense"; (4) "Insufficient evidence to support the

18  judgement"; and (5) "The jury was improperly instructed concerning aiding and abetting when there

19  was no principal charged with the alleged crime."

20        On October 11, 2005, Respondent filed a motion to dismiss the petition as a mixed petition

21  containing exhausted and unexhausted claims.

22        Petitioner did not file an opposition to Respondent's motion to dismiss.

23                              **DISCUSSION**

24  <u>A.  Procedural Grounds for Motion to Dismiss</u>

25        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

26  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

27  entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules

28  Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the

1   attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth

2   Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to

3   exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing

4   § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d

5   599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).

6   Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's

7   motion for dismissal pursuant to its authority under Rule 4.

8   B.  Exhaustion of State Remedies

9       A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

10  petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

11  exhaustion doctrine is based on comity to the state court and gives the state court the initial

12  opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

13  U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158,

14  1163 (9th Cir. 1988).

15      A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

16  full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v.

17  Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

18  F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full

19  and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

20  claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

21  U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

22      Additionally, the petitioner must have specifically told the state court that he was raising a

23  federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

24  (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999);

25  Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court

26  reiterated the rule as follows:

27      In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
        of state remedies requires that petitioners "fairly presen[t]" federal claims to the
28      state courts in order to give the State the "'opportunity to pass upon and correct

1    alleged violations of the prisoners' federal rights" (some internal quotation marks
     omitted). If state courts are to be given the opportunity to correct alleged violations
2    of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
     are asserting claims under the United States Constitution. If a habeas petitioner
3    wishes to claim that an evidentiary ruling at a state court trial denied him the due
     process of law guaranteed by the Fourteenth Amendment, he must say so, not only
4    in federal court, but in state court.

5    Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

6            Our rule is that a state prisoner has not "fairly presented" (and thus
     exhausted) his federal claims in state court *unless he specifically indicated to*
7    *that court that those claims were based on federal law.* See Shumway v. Payne,
     223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
8    Duncan, this court has held that the *petitioner must make the federal basis of the*
     *claim explicit either by citing federal law or the decisions of federal courts, even*
9    *if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889
     (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the
10   underlying claim would be decided under state law on the same considerations
     that would control resolution of the claim on federal grounds. Hiivala v. Wood,
11   195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31
     (9th Cir. 1996); . . . .
12           In Johnson, we explained that the petitioner must alert the state court to
     the fact that the relevant claim is a federal one without regard to how similar the
13   state and federal standards for reviewing the claim may be or how obvious the
     violation of federal law is.
14
15   Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

16           In the instant petition before the Court, Petitioner raises five grounds for relief.  Respondent

17   concedes that Ground One is exhausted; however, Respondent argues that Grounds Two, Three,

18   Four and Five have not been presented to the California Supreme Court and are therefore

19   unexhausted.  The Court has reviewed the petition for review filed with the California Supreme

20   Court. See Lodged Document No. 3. Grounds Two, Three, Four and Five were not presented in said

21   petition for review.  Accordingly, those grounds remain unexhausted.

22           The instant petition is a mixed petition containing exhausted and unexhausted claims. The

23   Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust

24   the claims if he can do so.  See Rose, 455 U.S. at 521-22; Gordon, 107 F.3d at 760.  However,

25   Petitioner must be provided with an opportunity to withdraw the unexhausted claims and go forward

26   with the exhausted claims. Jefferson v. Budge, 419 F.3d 1013 (9th Cir.2005); Anthony v. Cambra,

27   236 F.3d 568, 574 (9th Cir.2000) ("district courts must provide habeas litigants with the opportunity

28   to amend their mixed petitions by striking unexhausted claims as an alternative to suffering

1    dismissal").

2                                            **ORDER**

3              Accordingly, the Court hereby GRANTS Respondent's Motion to Dismiss.  Petitioner is

4    GRANTED leave to move to withdraw the unexhausted claims within thirty (30) days of the date of

5    service of this order and proceed with only the exhausted claim. <u>Guizar v. Estelle</u>, 843 F.2d 371, 372

6    (9th Cir. 1988).  If Petitioner fails to withdraw the unexhausted claims within the thirty (30) day time

7    frame, the entire petition will be dismissed so Petitioner can return to state court to exhaust the

8    remainder of his claims before filing a new federal petition.[2] <u>Rose</u>, 455 U.S. at 520; <u>Guizar v.</u>

9    <u>Estelle</u>, 843 F.2d at 372.

10   IT IS SO ORDERED.

11   **Dated:     December 1, 2005                       /s/ Lawrence J. O'Neill**
     b9ed48                                UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

_____

26        [2]This dismissal will not bar Petitioner from returning to federal court after exhausting available state remedies. <u>See</u>

27   <u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 586 (9th Cir.1995).  However, this does not mean that Petitioner will not be
     subject to the one year statute of limitations imposed by 28 U.S.C. § 2244(d).  Although the limitations period is tolled while

28   a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time
     an application is pending in federal court. <u>Duncan v. Walker</u>, 121 S.Ct. 2120, 531 U.S. 991 (2001).